IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| APPLIED PREDICTIVE TECHNOLOGIES, INC., | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 18-963-CFC |
| MARKETDIAL, INC. and JOHN M. STODDARD, | : | |
| Defendants. | : | |

Karen Jacobs, Michael J. Flynn, MORRIS, NICHOLS, ARSHT & TUNNELL LLP, Wilmington, Delaware; Kirk R. Ruthenberg, Eric Sophir, Nicholas H. Jackson, Eric Y. Wu, DENTONS US LLP, Washington, District of Columbia; Jennifer Bennett, DENTONS US LLP, San Francisco, California; Patrick Doll, DENTONS US LLP, Dallas, Texas

*Counsel for Plaintiff*

Herbert W. Mondros, Krista Reale Samis, Helene Episcopo, MARGOLIS EDELSTEIN, Wilmington, Delaware; Neel Chatterjee, Andrew Ong, GOODWIN PROCTOR LLP, Redwood City, California; Samuel Sherry, GOODWIN PROCTOR LLP, Boston, Massachusetts; Cindy Chang, GOODWIN PROCTOR LLP, New York, New York

*Counsel for Defendants*

## **MEMORANDUM OPINION**

July 1, 2019
Wilmington, Delaware

                                                          */s/ Colm F. Connolly*
                                                          COLM F. CONNOLLY,
                                               UNITED STATES DISTRICT JUDGE

Applied Predictive Technologies, Inc. ("APT") has filed a three-count amended complaint alleging two counts of misappropriation of trade secrets by Defendants MarketDial, Inc. and John M. Stoddard and one count of patent infringement by MarketDial. D.I. 23 at 26, 33, 35. Pending before me is Defendants' Motion to Transfer under 28 U.S.C. § 1404(a) or Dismiss for Lack of Personal Jurisdiction. *See* D.I. 9. Defendants request that I transfer the case to the District of Utah or, alternatively, dismiss Mr. Stoddard as a defendant for lack of personal jurisdiction.

The parties engaged in jurisdictional discovery and have fully briefed the motion. *See* D.I. 10; 24; 45; 58. For the reasons discussed below, I will grant Defendants' request to transfer the case to the District of Utah and therefore need not address Defendants' alternative request to dismiss the case against Mr. Stoddard for lack of jurisdiction.

## I. BACKGROUND

Delaware has one—and only one—connection to this case: it is the legal domicile of the cases' two corporate parties. None of the alleged tortious conduct or infringement is alleged to have occurred in Delaware. Neither MarketDial nor

Mr. Stoddard have conducted business in Delaware. Mr. Stoddard has never been in Delaware. No witness is alleged to have any Delaware ties; and no relevant evidence is alleged to be or have been in Delaware.

APT's principal place of business is in Virginia. It does not dispute Defendants' assertion that APT advertises that its 600 employees work in 17 offices in 12 countries. Nor does it dispute Defendants' assertion that APT generates an annual revenue of approximately $100 million.

MarketDial's principal place of business is in Utah. The software sold by MarketDial that APT accuses of infringing APT's patent was developed in Utah, using computers located in Utah. Mr. Stoddard is a resident of Utah, where he has custody of his children every other week. Other than his equity in MarketDial, Mr. Stoddard's only substantial assets are a 2000 Toyota Tundra, a bank account holding less than his monthly salary, and the furniture in his rented apartment.

## II. DISCUSSION

Section 1404(a) provides that "[f]or the convenience of the parties and witnesses, in the interests of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). It is undisputed that this action could have been brought in the District of Utah.

Defendants have the burden "to establish that a balancing of proper interests weigh[s] in favor of the transfer." *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970). This burden is heavy. "[U]nless the balance of convenience of the parties is *strongly* in favor of [the] defendant[s], the plaintiff's choice of forum should prevail." *Id.* (emphasis in original) (internal quotation marks and citation omitted).

The proper interests to be weighed in deciding whether to transfer a case under § 1404(a) are not limited to the three factors recited in the statute (i.e., the convenience of the parties, the convenience of the witnesses, and the interests of justice). *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995). Although there is "no definitive formula or list of the factors to consider" in a transfer analysis, the court in *Jumara* identified 12 interests "protected by the language of § 1404(a)." *Id.* Six of those interests are private:

> [1] plaintiff's forum preference as manifested in the original choice; [2] the defendant's preference; [3] whether the claim arose elsewhere; [4] the convenience of the parties as indicated by their relative physical and financial condition; [5] the convenience of the witnesses—but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and [6] the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum).

*Id.* (citations omitted). The other six interests are public in nature:

3

> [7] the enforceability of the judgment; [8] practical
> considerations that could make the trial easy, expeditious,
> or inexpensive; [9] the relative administrative difficulty
> in the two fora resulting from court congestion; [10] the
> local interest in deciding local controversies at home;
> [11] the public policies of the fora; and [12] the
> familiarity of the trial judge with the applicable state law
> in diversity cases.

*Id.* at 879–80 (citations omitted). As the parties have not identified relevant factors beyond these 12 interests, I will balance the *Jumara* factors in deciding whether to exercise the discretion afforded me by § 1404(a).

### 1. Plaintiff's Forum Preference

This factor clearly weighs against transfer. The parties agree on that much. They disagree, however, about the amount of weight I should give this factor in conducting the balancing of interests called for by *Jumara*. Defendants argue that Plaintiff's forum choice "weighs minimally against transfer." D.I. 10 at 6 (internal quotation marks and citation omitted). Plaintiff contends that I should give its forum choice *"paramount consideration."* D.I. 24 at 4 (emphasis in original) (quoting *Shutte*, 431 F.2d at 25).

In *Shutte*, the Third Circuit held that "[i]t is black letter law that a plaintiff's choice of a proper forum is a paramount consideration in any determination of a transfer request" brought pursuant to § 1404(a), and that this choice "should not be lightly disturbed." 431 F.2d at 25 (internal quotation marks and citation omitted).

4

The parties have not cited and I am not aware of any Third Circuit or United States Supreme Court case that overruled *Shutte*. *Jumara* cited *Shutte* favorably and reiterated *Shutte*'s admonition that "the plaintiff's choice of venue should not be lightly disturbed." *Jumara*, 55 F.3d at 879 (internal quotation marks and citation omitted). Thus, I agree with Plaintiff that binding Third Circuit law compels me to treat its forum choice as "a paramount consideration" in the § 1404(a) balancing analysis.

Defendants, however, ask me to ignore *Shutte*'s unambiguous language (and *Jumara*'s endorsement of *Shutte*) and instead give Plaintiff's forum choice "minimal[ ] weigh[t]" because Plaintiff's business "is not physically located[]" in the District of Delaware. *See* D.I. 10 at 6. Defendants cite in support of their position certain opinions issued by district courts in the Third Circuit that appear to assign less weight to a plaintiff's forum choice when the forum is not the plaintiff's "home turf"—that is, if the plaintiff has limited or no facilities, operations, or employees in the forum—and/or when the facts giving rising to the lawsuit did not occur in the plaintiff's selected forum. *See* D.I. 10 at 1, 6 (citations omitted). I am not, however, persuaded that these opinions are consistent with *Shutte*. I will instead follow Judge Stapleton's lead in *Burroughs Wellcome Co. v. Giant Food, Inc.*, 392 F. Supp. 761 (D. Del. 1975).

5

Like Judge Stapleton, I read *Shutte*'s "statement of 'black letter law' as an across-the-board rule favoring plaintiff's choice of forum." *Id.* at 763. As Judge Stapleton explained in rejecting the "home-turf" rule argued by the defendant in *Burroughs*:

> The court's decision in *Shutte* to give weight to the plaintiff's choice of forum is not an application of any of the criteria recited in [§ 1404(a)]. Assuming jurisdiction and proper venue, weight is given to plaintiff's choice because it is plaintiff's choice and a strong showing under the statutory criteria in favor of another forum is then required as a prerequisite to transfer. One can perhaps debate whether plaintiff's choice should be given any weight at all in a transfer context, but assuming it is to be given some weight in cases where the plaintiff lives in the forum state, it is difficult to see why it should not also be given weight when the plaintiff lives in [another] state. . . . [The] plaintiff's contact or lack thereof with the forum district will ordinarily be reflected in the 'balance' of conveniences, but that contact, per se, is unrelated to anything in *Shutte*, or Section 1404(a).

*Id.* at 763 n.4.

I, too, find it difficult to understand why the plaintiff's forum choice in and of itself merits less weight when the plaintiff has no ties to the selected forum or when the facts underlying the controversy occurred elsewhere. I do not mean to suggest that these two latter considerations will not influence the overall transfer analysis. On the contrary, because these considerations are subsumed and given weight under *Jumara* factors 3 (whether the claim arose elsewhere), 4

(convenience of the parties), 5 (convenience of the witnesses), 6 (location of books and records), 8 (practical considerations that could make the trial easy, expeditious, or inexpensive), and 10 (the local interest in deciding local controversies at home), a defendant seeking to transfer a case when neither the plaintiff nor the facts giving rise to the case have any connection to the selected forum will generally have less difficulty in meeting its burden to establish that the *Jumara* factors weigh strongly in favor of transfer.

I do not believe that the Federal Circuit's opinion in *In re Link_A_Media Devices Corp.*, 662 F.3d 1221 (Fed. Cir. 2011) compels a different conclusion. In *Link_A_Media*, the Federal Circuit vacated this court's denial of a § 1404(a) motion to transfer a patent case filed here by a non–United States company. *Id.* at 1222. The Federal Circuit held that this court committed a "fundamental error [in] making [the plaintiff's] choice of forum and the fact of [the defendant's] incorporation in Delaware effectively dispositive of the transfer inquiry." *Id.* at 1223. Although the Federal Circuit did not cite *Shutte* in *Link_A_Media*, it applied Third Circuit law and noted that "[t]o be sure, the Third Circuit places significance on a plaintiff's choice of forum." *Id.*

In dicta in *Link_A_Media*, the court noted that "[w]hen a plaintiff brings its charges in a venue that is not its home forum, . . . that choice of forum is entitled to less deference." *Id.* I understand this statement, however, to apply only when the

plaintiff, like the plaintiff in *Link_A_Media*, is a non–United States company. I draw this inference because the court cited in support of its statement two Supreme Court decisions, *Sinochem International Co. v. Malaysia International Shipping Corp.*, 549 U.S. 422 (2007) and *Piper Aircraft Co. v. Reyno*, 454 U.S. 235 (1981), neither of which involved transfer motions brought pursuant to § 1404(a). Rather, in both *Sinochem* and *Piper Aircraft*, the Supreme Court reviewed dismissals of actions filed by non–United States plaintiffs based on the common-law *forum non conveniens* doctrine. As the Court explained in *Piper Aircraft*, "1404(a) transfers are different than dismissals on the ground of *forum non conveniens*." 454 U.S. at 253. Unlike § 1404(a), "[t]he common-law doctrine of *forum non conveniens* has continuing application [in federal courts] only in cases where the alternative forum is abroad, and perhaps in rare instances where a state or territorial court serves litigational convenience best." *Sinochem*, 549 U.S. at 430 (second alteration in original) (internal quotation marks and citation omitted). The doctrine "is designed in part to help courts avoid conducting complex exercises in comparative law" and thus enables a district court to dismiss the case where it would be otherwise "required to untangle problems in conflict of laws, and in law foreign to itself." *Piper Aircraft*, 454 U.S. at 251 (internal quotation marks and citation omitted). Because these concerns about foreign law and comparative law issues are not implicated by a § 1404(a) transfer motion in a patent case filed by a domestic

8

plaintiff, I understand *Link_A_Media* to say that a plaintiff's forum choice in a patent case merits "less deference" for § 1404(a) purposes only if the plaintiff does not reside in the United States.

In this case, APT is a domestic corporation (indeed, it is a Delaware company), and therefore I will follow *Shutte* and give APT's forum choice paramount consideration in balancing the *Jumara* factors.

### 2. Defendants' Forum Preference

This factor clearly favors transfer.

### 3. Whether the Claim Arose Elsewhere

This factor favors transfer. Defendants' research and development efforts associated with the products accused of infringing Plaintiff's patent occurred in the District of Utah. It also appears that Mr. Stoddard's purported misappropriation of trade secrets took place, at least to some degree, in the District of Utah. The connection between those efforts and the District of Utah favors transfer. *See In re Hoffmann–La Roche, Inc.*, 587 F.3d 1333, 1338 (Fed. Cir. 2009). Moreover, Plaintiff does not dispute that the accused products are neither marketed nor sold in Delaware.

### 4. The Convenience of The Parties as Indicated by Their Relative Physical and Financial Condition

This factor strongly favors transfer. Delaware may be more convenient for APT because Delaware is closer to Virginia than to Utah. But Utah is much more convenient for MarketDial and Mr. Stoddard than is Delaware. Moreover, Mr. Stoddard is an individual with limited financial means and child custody obligations he needs to fulfill in Utah every other week. APT, by contrast, is a multinational company with annual revenues of about $100 million.

### 5. The Convenience of Witnesses

This factor carries weight "only to the extent that the witnesses may actually be unavailable for trial in one of the fora." *Jumara*, 55 F.3d at 879; *see also Smart Audio Techs., LLC v. Apple, Inc.*, 910 F. Supp. 2d 718, 732 (D. Del. 2012) (noting that this factor applies only insofar as "a witness actually will refuse to testify absent a subpoena"). In addition, "witnesses who are employed by a party carry no weight," because "each party is able, indeed, obligated to procure the attendance of its own employees for trial." *Affymetrix, Inc. v. Synteni, Inc.*, 28 F. Supp. 2d 192, 203 (D. Del. 1998). In considering this factor, "the Court should be particularly concerned not to countenance undue inconvenience to third-party witnesses . . . who have no direct connection to the litigation." *Intellectual Ventures I LLC v.*

*Altera Corp.*, 842 F. Supp. 2d 744, 757 (D. Del. 2012), *mandamus denied sub nom. In re Altera Corp.*, 494 F. App'x 52 (Fed. Cir. 2012).

Nothing in the parties' filings suggests that anyone—whether they be third parties or employees—would be unwilling to testify at trial in Delaware. Accordingly, following *Jumara*, even though neither party has identified a witness who resides in Delaware and it is undisputed that MarketDial's management personnel and Mr. Stoddard live and work in Utah, I will give this factor no weight and treat it as neutral.

### 6. The Location of Books and Records

*Jumara* instructs me to give weight to the location of books and records only "to the extent that the files [and other documentary evidence] could not be produced in the alternative forum." 55 F.3d at 879. In this case, Defendants have not identified with particularity any evidence that could not be produced in Delaware. On the other hand, there are no relevant books or records in Delaware. Accordingly, this factor is neutral.

### 7. Enforceability of The Judgment

Because Defendants have raised substantial questions about whether this Court can exercise personal jurisdiction over Mr. Stoddard, who has never been in Delaware, this factor weighs in favor of transfer.

11

### 8. Practical Considerations

This factor strongly favors transfer. Neither APT nor MarketDial has a connection with Delaware other than its incorporation status. Mr. Stoddard has no connection to Delaware, other than the fact that he apparently assisted in amending MarketDial's incorporation status. Witnesses and evidence are located in Utah but not in Delaware.

### 9. Relative Administrative Difficulty Due to Court Congestion

According to the most recent data provided by the United States Courts, 2,279 civil cases were filed in this district between April 1, 2018 and March 30, 2019. *See* ADMINISTRATIVE OFFICE OF THE UNITED STATES COURTS, TABLE C–3— U.S. DISTRICT COURTS–CIVIL CASES COMMENCED, BY NATURE OF SUIT AND DISTRICT, DURING THE 12-MONTH PERIOD ENDING MARCH 31, 2019, https://www.uscourts.gov/statistics/table/c-3/federal-judicial-caseload-statistics/2019/03/31. Of that total, 1,012 were intellectual property cases, *see id.*, which, because of their complexity and scope, require substantially more judicial resources than the average civil case. By comparison, 1,183 civil cases were filed in the District of Utah for the same period. *See id.* Only 87 of those cases were intellectual property cases. *See id.* Whereas this district has four active judges, no senior judges, and four magistrate judges, *see Chambers*, UNITED STATES DISTRICT

COURT FOR THE DISTRICT OF DELAWARE, https://www.ded.uscourts.gov/judges-info; the District of Utah has four active judges, seven senior judges, and six magistrate judges, *see Judges for the District of Utah*, UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH, https://www.utd.uscourts.gov/judges-district-utah-0. Given the districts' relative caseloads and number of judicial officers, this factor favors transfer.

### 10. Local Interest in Deciding Local Controversies at Home

This factor is neutral. Both Utah and Delaware have an interest in adjudicating claims against their citizens. In this case, MarketDial is a Delaware citizen, but Mr. Stoddard is a Utah citizen.

### 11. Public Policies of The Fora

Delaware's public policy encourages Delaware corporations to resolve their disputes in Delaware courts. *Round Rock Research, LLC v. Dell, Inc.*, 904 F. Supp. 2d 374, 378 (D. Del. 2012). This factor is relevant because APT and MarketDial are both Delaware corporations, and Mr. Stoddard is a co-founder, director, and officer of a Delaware corporation. Defendants have also cited no countervailing Utah public policy. Thus, this factor weighs against transfer. *See Intellectual Ventures*, 842 F. Supp. 2d at 760; *see also In re Altera Corp.*, 494 F. App'x at 53 (stating that "the relevant inquiry [in the transfer analysis] is broad

13

enough to include the Delaware court's interest in resolving disputes involving its corporate citizens").

### 12. Familiarity of The Trial Judges with The Applicable State Law in Diversity Cases

This case is not a diversity action and therefore the factor is neutral.

\* \* \* \* \*

In sum, of the 12 *Jumara* factors, six weigh in favor of transfer, two weigh against transfer, and four are neutral. Having considered the factors in their totality and treated Plaintiff's choice of this forum as a paramount consideration, I find that Defendants have demonstrated that the *Jumara* factors weigh strongly in favor of transfer. I will therefore grant Defendants' request to transfer the case to the District of Utah. As a result of my decision, Defendants' request to dismiss the case against Mr. Stoddard for lack of personal jurisdiction is rendered moot.

The Court will enter an order consistent with this Memorandum Opinion.